1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    CENTRAL DISTRICT OF CALIFORNIA

7

8   THERESA ANNETTE TORRICELLAS,   ) Case No. EDCV 10-0573-DDP(RC)
    aka NANCY MONTGOMERY,           )
9                                   )
                 Petitioner,        )
10  vs.                             ) (1) OPINION AND ORDER ON A
                                    ) PETITION FOR HABEAS CORPUS; AND
11  GUIERRMO GARCIA, CIW WARDEN,    ) (2) ORDER DENYING
    AND ATTORNEY GENERAL OF THE     ) CERTIFICATE OF APPEALABILITY
12  STATE OF CALIFORNIA,            )
                                    )
13               Respondents.       )
    _____)

14

15       On April 9, 2010, in the United States District Court for the

16  Southern District of California, petitioner Theresa Annette

17  Torricellas, aka Nancy Montgomery, a state inmate proceeding pro se,

18  filed a habeas corpus petition under 28 U.S.C. § 2254, challenging the

19  California Board of Parole Hearings' 2008 denial of parole to

20  petitioner, and a motion for stay and abeyance of the proceeding so

21  petitioner can exhaust her claim in state court.  On April 16, 2010,

22  the petition and motion were transferred to this district court.

23

24                              **DISCUSSION**

25       A California prisoner seeking federal habeas corpus relief must

26  exhaust her claims before the California courts prior to filing her

27  petition for a writ of habeas corpus in federal court.  28 U.S.C.

28  §§ 2254(b) and (c); <u>Baldwin v. Reese</u>, 541 U.S. 27, 29, 124 S. Ct.

    1347, 1349, 158 L. Ed. 2d 64 (2004); <u>O'Sullivan v. Boerckel</u>, 526 U.S.

1  838, 842, 119 S. Ct. 1728, 1738, 144 L. Ed. 2d 1 (1999); Peterson v.

2  Lampert, 319 F.3d 1153, 1155 (9th Cir. 2003) (en banc).  "The

3  exhaustion-of-state-remedies doctrine, now codified [at] 28 U.S.C.

4  §§ 2254(b) and (c), reflects a policy of federal-state comity, an

5  accommodation of our federal system designed to give the State an

6  initial opportunity to pass upon and correct alleged violations of its

7  prisoners' federal rights."  Picard v. Connor, 404 U.S. 270, 275, 92

8  S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971) (internal quotation marks,

9  citations and footnote omitted); O'Sullivan, 528 U.S. at 844-45, 119

10  S. Ct. at 1732; Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996).

11  "The exhaustion doctrine is principally designed to protect the state

12  courts' role in the enforcement of federal law and prevent disruption

13  of state judicial proceedings."  Rose v. Lundy, 455 U.S. 509, 518, 102

14  S. Ct. 1198, 1203, 71 L. Ed. 2d 379 (1982).

15

16      Here, petitioner acknowledges her claim has not been exhausted

17  before the California Supreme Court, Petition at 6, and she seeks an

18  order staying this action while she exhausts her claim before the

19  California Supreme Court, where she recently filed a habeas petition.

20  See Declaration of Theresa Torricellas ¶¶ 15-17.  Thus, the pending

21  petition is completely unexhausted and must be dismissed without

22  prejudice.  See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir.

23  2006) ("Once a district court determines that a habeas petition

24  contains only unexhausted claims, it need not inquire further as to

25  the petitioner's intentions.  Instead, it may simply dismiss the

26  habeas petition for failure to exhaust."  (citing Jiminez v. Rice, 276

27  F.3d 478, 481 (9th Cir. 2001), cert. denied, 538 U.S. 949 (2003)); see

28  also Muhammad v. Close, 540 U.S. 749, 751, 124 S. Ct. 1303, 1304, 158

1  L. Ed. 2d 32 (2004) (per curiam) ("Federal petitions for habeas corpus

2  may be granted only after avenues of relief have been exhausted.");

3  Davis v. Silva, 511 F.3d 1005, 1008 (9th Cir. 2008) (same).

4

5      Although district courts have the authority to stay a mixed or

6  completely exhausted habeas petition, see Rhines v. Weber, 544 U.S.

7  269, 276-77, 125 S. Ct. 1528, 1534-35, 161 L. Ed. 2d 440 (2005); King

8  v. Ryan, 564 F.3d 1133, 1135 (9th Cir.), cert. denied, 130 S. Ct. 214

9  (2009), "that rule" has not been extended "to the situation where the

10  original habeas petition contain[s] only unexhausted claims. . . ."

11  Rasberry, 448 F.3d at 1154; see also Davis v. Adams, 2010 WL 1408290,

12  *2 (C.D. Cal.) ("The Court cannot stay a completely unexhausted

13  petition."), adopted by, 2010 WL 1408292 (C.D. Cal.); Burns v.

14  Marshall, 2010 WL 1233779, *2 (C.D. Cal.) ("Although this Court has

15  the power to stay a 'mixed' petition, or a fully exhausted petition,

16  it does not have the authority to stay a petition that is completely

17  unexhausted." (citations omitted)), adopted by, 2010 WL 1233777 (C.D.

18  Cal.).  Therefore, petitioner's request to stay this proceeding must

19  be denied.  Jones v. McDaniel, 320 Fed. Appx. 784, 786 (9th Cir.),

20  cert. denied, 130 S. Ct. 210 (2009); Rasberry, 448 F.3d at 1154;

21  see also Jiminez, 276 F.3d at 481 ("[T]he district court was 'obliged

22  to dismiss immediately,' as the petition contained no exhausted

23  claims" (citation omitted)).

24

25      Rule 4 of the Rules Governing Section 2254 Cases in the United

26  States Courts provides that "[i]f it plainly appears from the petition

27  and any exhibits that the petitioner is not entitled to relief in the

28  district court, the judge must dismiss the petition . . . ," and Local

3

1  Rule 72-3.2 similarly provides that "[t]he Magistrate Judge promptly

2  shall examine a petition for writ of habeas corpus, and if it plainly

3  appears from the face of the petition and any exhibits annexed to it

4  that the petitioner is not entitled to relief, the Magistrate Judge

5  may prepare a proposed order for summary dismissal and submit it and a

6  proposed judgment to the District Judge."  Thus, this action should be

7  summarily dismissed without prejudice.  Rasberry, 448 F.3d at 1154;

8  Jiminez, 276 F.3d at 481.

9

10      Further, this Court finds any appeal would not be taken in good

11  faith, and petitioner has not made a substantial showing that this

12  Court is not correct in its procedural ruling, and that petitioner has

13  been denied a constitutional right, for the reasons set forth herein.

14  Accordingly, a certificate of appealability should not issue under 28

15  U.S.C. § 2253(c)(2) and Fed. R. App. P. 22(b).  Slack v. McDaniel, 529

16  U.S. 473, 483, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000); Cooper

17  v. Calderon, 308 F.3d 1020, 1021-22, n.2 (9th Cir. 2002), cert.

18  denied, 538 U.S. 984 (2003).

19

20                                **ORDER**

21      IT IS HEREBY ORDERED that petitioner's motion to stay this action

22  be DENIED.

23

24      IT IS FURTHER ORDERED that Judgment be entered DISMISSING WITHOUT

25  PREJUDICE the petition for writ of habeas corpus and action.

26  //

27  //

28  //

1      IT IS STILL FURTHER ORDERED that a Certificate of Appealability

2 be DENIED.

3

4 DATE: May 28, 2010

                                DEAN D. PREGERSON

5                             UNITED STATES DISTRICT JUDGE

6 PRESENTED BY:

7 DATE:  May 20, 2010

8  /S/ Rosalyn M. Chapman
        ROSALYN M. CHAPMAN
9 UNITED STATES MAGISTRATE JUDGE

10 R&R-MDO\10-0573.mdo
   5/20/10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5